Northwestern Fruit Exchange, Appellee, v. Erie Railroad Company, Appellant.

Gen. No. 32,265.

Opinion filed March 26, 1928.

FOLLANSBEE, SHOREY & SCHUPP, for appellant; CLYDE E. SHOREY and LOUIS W. BECKER, JR., of counsel.

J. V. DE LANEY, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against the defendant to recover damages claimed to have been sustained by it by reason of the failure of the defendant, a common carrier, to heat the car in which apples were being transported from Chicago to New York, on account of which failure some of the apples were frozen, resulting in damages which were stipulated to be $89.80. The case was tried before the court without a jury and there was a finding and judgment in plaintiff's favor for $89.80.

The record discloses that on January 11, 1924, plaintiff loaded a standard refrigerator car with 742 boxes of apples to be transported by the defendant to New York. When the car arrived in New York it was found that 147 boxes of apples had been damaged by frost. Plaintiff's position seems to be that it was the duty of the railroad company to heat the car so as to, prevent the apples from freezing. On the other hand, the defendant railroad company's position is that it was not obligated to heat the car and that in fact it was not authorized, under the law, to do so.

Substantially all of the facts were stipulated, from which it appears that the apples were transported and cared for by the defendant under and pursuant to the terms and provisions of the classifications, tariffs and rate schedules duly published and filed with the Interstate Commerce Commission and also pursuant to the terms, provisions and conditions of a bill of lading which was contained in and was a part of the classification filed by the defendant with the Interstate Commerce Commission. The bill of lading issued to the plaintiff for the apples was the "Uniform Domestic Straight Bill of Lading," as prescribed by the Interstate Commerce Commission. Certain rules of the classifications provide:

"Ratings provided for freight in carloads do not obligate the carrier to furnish heated cars, nor to maintain heat in cars, for freight requiring such protection, except under conditions which the carriers' tariffs provide. * * *

"Stoves, used in cars, and the fittings and fuel therefor, must be furnished by shipper, * * *.

"Shippers must provide men to care for fires. With shipments of fresh fruit or fresh or green vegetables * * * *"

There is no provision in the classifications requiring the carrier in such case to provide heaters in the cars where perishable fruit or vegetables are being shipped.

The bill of lading states that the apples were to be shipped subject "to the classifications and tariffs in effect on the date of the issue of this original bill of lading." The evidence further shows that the car furnished was a proper one and that the transportation of the apples to New York was in due time.

We are of the opinion that since the classification filed with the Interstate Commerce Commission required that the heating be done by the shipper, there was no warrant for the entry of the judgment against defendant.

A case in point is *W. H. Blodget Co. v. New York Cent. R. Co.,* — Mass. —, 159 N. E. 45. In that case it was held that where perishable goods were frozen in transportation the railroad company was not liable under the common law for failure to heat the car; that under the Interstate Commerce Act, and the tariffs filed with the Interstate Commerce Commission pursuant to that act, the railroad company had no legal right to heat the car; that if it had done so it would have given the shipper a preference not allowed to others, which preference is prohibited by the Interstate Commerce Commission Act. We are in entire accord with the law as announced by the Massachusetts court and think it is controlling here.

The judgment of the superior court of Cook county is reversed.

*Reversed.*

MATCHETT, P. J., and McSURELY, J., concur.